# SUPREME COURT OF ALABAMA



Robert G. Esdale
  Clerk
Lynn Knight
  Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1050975

Ex parte Anthony D. Blount. PETITION FOR WRIT OF MANDAMUS: CRIMINAL  (In re: Anthony D. Blount v. State of Alabama)   (Etowah Circuit Court: CC94-826; Criminal Appeals : CR-05-1093).

### NOTICE

### AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

RECENT APPELLATE RULE AMENDMENTS:  Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005 and October 31, 2005.  The June amendments can be found in The Southern Reporter, Second series, volume numbered 888-890.  The October amendments can be found in the Advance Sheets to Volume 914 of the Southern Reporter.  The amendments can also be found under "Rule Changes" at the Judicial System website at http://www.judicial.state.al.us.

APPELLATE MEDIATION:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil appeals.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules and any amendments can be accessed at http://www.judicial.state.al.us/mediation.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

SIGNATURE ON BRIEFS: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party.  The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

PETITIONS FOR WRIT OF CERTIORARI:  Rule 39 has been amended, effective June 1 and October 31, 2005, to provide that no briefs in support of or in response to a petition for writ of certiorari shall be filed before the writ of certiorari issues unless otherwise ordered by the Court.  Any brief filed in disregard of subsection (b)(4) or subsection (c)(3) of Rule 39 shall be stricken.

OTHER AMENDMENTS TO THE ALABAMA RULES OF APPELLATE PROCEDURE: Other amendments to the Alabama Rules of Appellate Procedure that should be reviewed are those that became effective August 1, 2000; September 1, 2000; and October 1, 2001. Those amendments govern, among other things, the presumptively reasonable time for filing

petitions for a writ of mandamus (Rule 21(a)); appellate review of arbitration cases (Rule 4(d)); and applications for rehearing (Rule 40). Also, counsel who are unfamiliar with the "abeyance" procedure should review the amendment to Rule 4 effective February 1, 1994.

## BRIEFS - EXTENSION OF TIME FOR FILING BRIEFS

NOTE: THIS OFFICE IS NOT RESPONSIBLE FOR INFORMING YOU WHEN YOUR BRIEF IS DUE. PLEASE CONSULT RULE 31(a), ALABAMA RULES OF APPELLATE PROCEDURE, FOR TIMES FOR FILING.

Any party requesting an extension pursuant to Rule 31(d) may do so by telephone request to the clerk's office, PRIOR to the date the brief is due. If a Rule 31(d) extension is obtained by a telephone call to the clerk's office, a letter confirming the extension and stating the date the brief will be due shall be sent to the Clerk's office. A copy of the letter must be served on all other attorneys or parties. If a party obtains a seven day extension to file the principal brief pursuant to Rule 31(d), no further extensions will be granted pursuant to that rule. This rule does not apply to briefs ordered filed by the Court, for instance in response to petitions for writs of mandamus.

For extensions, please call the Supreme Court Clerk's Office at 334-242-4609.

Motions for enlargement of time to file a brief after the seven day extension pursuant to Rule 31(d) will not be granted unless extraordinary good cause is shown. Unless there is an unanticipated event or emergency that results in extreme hardship, a motion for enlargement of time will not be granted. A heavy workload alone will not be considered good cause. Any request for enlargement of time must be made by motion and must be filed in the Clerk's office before the first extension has expired.

## FILINGS - NUMBER OF COPIES, COLOR OF COVERS, BINDINGS, SERVICE, ETC.:

NUMBER OF COPIES: An original and 12 copies must be filed.

COLOR OF COVERS OF BRIEFS AND OTHER FILINGS: Rule 32 requires the following colors be used on brief covers: appellant/petitioner -- blue, appellee/respondent -- red, intervenor/amicus -- green, reply -- gray. The cover of any filing not specifically mentioned in the rules shall be white.

CERTIFICATE OF SERVICE: The certificate of service shall contain the attorney's address, telephone number, facsimile number, and e-mail address if any, and party represented for each attorney served.

BINDING OF BRIEFS: Rule 32(a)(3) requires that the brief be bound on the left in a manner that is secure. It is recommended that any clasps, staples, or other fasteners used to bind the briefs be covered by nylon reinforced tape so as to prevent injury to those handling the briefs.

FILING: Papers are not considered filed until RECEIVED by the clerk of this Court; however, papers shall be deemed filed on the day of mailing if CERTIFIED, REGISTERED,

OR EXPRESS MAIL of the UNITED STATES POSTAL SERVICE is used. Rule 25(a).

NOTICE TO TRIAL COURT CLERK WHEN APPELLEE'S BRIEF IS FILED: Rule 31(a) requires that the appellee give notice of the filing of the appellee's brief to the clerk of the trial court. Compliance with this rule is necessary in order for the trial clerk to know when to forward the record on appeal to the appellate court.

SECOND COPY OF RECORD ON APPEAL: Rule 11(a)(4) requires that the appellant file in this Court a copy of the record on appeal within 14 days after the date shown on the copy of the certificate of completion of the record on appeal. NOTE: The second copy of the record of appeal does not have to be filed in those appeals where the record is e-filed.

SETTLEMENT NEGOTIATIONS: If the parties are negotiating a settlement of the case after the case is submitted, they should notify the clerk in writing. No appeal will be dismissed after a proposed opinion has been circulated.

STAYS: There are no stays of time schedules for preparing the record or filing briefs unless this Court issues a specific order granting such a stay. For example, even if a Rule 10(f) motion to supplement the record is granted by the trial court or this Court, the briefing schedule is not stayed unless this Court orders a stay. Any requests for a stay must be made by motion. See also Rule 8(b).

ADMISSION OF NONRESIDENT ATTORNEYS: Pro Hac Vice Rule: Rule VII of the Rules Governing Admission to the Alabama State Bar governs admittance pro hac vice of lawyers who are not members of the Alabama State Bar. Failure to comply with this rule will result in the attorney's name being stricken from any pleadings filed in the Court, and the attorney will not be allowed to participate in any oral argument concerning the appeal. Note that in cases where the attorney whose name is stricken is the only attorney of record, failure to comply with the Rule may result in dismissal of the appeal.

## E-FILING PILOT PROJECT

Note that your record may be transmitted to the Court electronically. On March 1, 2005, the Supreme Court of Alabama authorized a pilot project in Lee, Madison, Montgomery, and Russell counties for the purpose of evaluating the usefulness and efficiency of preparing, transmitting, and using documents and pleadings filed electronically in cases appealed to the appellate courts of Alabama. On February 28, 2006, the Chief Justice extended the pilot project for an additional six months (to August 31, 2006) and added Baldwin, Shelby, Jefferson (Birmingham Division and Bessemer Division) and Etowah counties to the list of counties eligible to participate in the pilot program. NOTE: The second copy of the record on appeal does not have to be filed if the record on appeal is e-filed.

Robert G. Esdale, Sr., Clerk
Supreme Court of Alabama